CODE OF ETHICS — CONFLICT OF INTEREST The question as to whether the representation of a convicted felon in appeal hearings by an attorney who is a member of the Pardon and Parole Board constitutes a violation of the Oklahoma Code of Ethics for State Officials and Employees cannot be answered as a matter of law. At such time as an attorney Board member of the Pardon and Parole Board purports to participate in any action regarding an individual previously represented by him, the Oklahoma Code of Ethics for State Officials and Employees would be determinative of such member's appropriate course of action. In addition, any determination as to whether or not the magnitude of such previous representations is such as to impair the efficiency of a Board member must await the arrival of an actual controversy regarding such issue. The Attorney General has received your request for an opinion wherein you, in effect, ask the following question: "Would the representation of a convicted felon in appeal hearings by an attorney who is a member of the Pardon and Parole Board constitute a violation of the Oklahoma Code of Ethics for State Officials and Employees?" The Oklahoma Code of Ethics for State Officials and Employees is codified as 74 O.S. 1401 [74-1401] through 74 O.S. 1416 [74-1416] (1971). Section 74 O.S. 1402 [74-1402] sets forth the policy behind the act and reads as follows: "It is hereby declared to be the policy of the State of Oklahoma that no officer or employee or member of the executive, judicial, or legislative branch of state government shall have any interest, financial or otherwise, or engage in any business or transaction of any nature which is in substantial conflict with the proper discharge of his public duties or with the public interest. To protect the public from improper use of authority and to protect public officials and their employees from unwarranted assaults on their integrity, the following code of ethics for state government is hereby adopted." Section 74 O.S. 1403 [74-1403](b) reads as follows: " ' State employee ' means an elected or appointed officer or employee of the executive, judicial, or legislative branch of government except state legislators;" It is apparent that this definition would include a duly appointed member of the Oklahoma Pardon and Parole Board, with which we are herein concerned. Section 74 O.S. 1404 [74-1404] sets out those acts which are prohibited by state employees, and reads in pertinent part as follows: "No state employee shall: * * * "(f) Accept other employment which would impair his efficiency or independence of judgment in the performance of his public duties." Thus, your question becomes in essence the following: "Would the representation of a convicted felon in appeal hearings by an attorney member of the Pardon and Parole Board reasonably tend to impair his efficiency and independence of judgment in the performance of his duties as such member?" It is the opinion of this office that this question cannot be answered as a matter of law. The Code of Ethics would only become an issue at such time as the Board might purport to take any action regarding an individual previously represented by an attorney Board member. At such time as this situation were to arise, it would be incumbent on the member involved to determine his appropriate course of action, such as withdrawal from consideration of the matter, in light of the requirements of the Oklahoma Code of Ethics for State Officials and Employees. It would also behoove a prudent attorney member of the State Pardon and Parole Board to be cognizant of Advisory Opinion No. 245, approved and adopted by the Board of Governors of the Oklahoma Bar Association on February 23, 1967, wherein the Legal Ethics Committee of the Association made the following statement: "This Committee is of the opinion that the position of an attorney as a member of the Board (Oklahoma Pardon and Parole Board) and as a lawyer representing a client under the circumstances set out above (representing clients in criminal proceedings) is inherently antagonistic. . ." (Amplification added) A conscientious Board member would also be aware of the requirement of 74 O.S. 1404 [74-1404](f) (1971), set forth above, that the occasions necessitating his withdrawal from participation in the statutory duties of the Pardon and Parole Board should not be of such a magnitude as to "impair his efficiency." It is, therefore, the opinion of the Attorney General that your question cannot be answered as a matter of law. At such time as an attorney Board member of the Pardon and Parole Board purports to participate in any action regarding an individual previously represented by him, the Oklahoma Code of Ethics for State Officials and Employees would be determinative of such member's appropriate course of action. In addition, any determination as to whether or not the magnitude of such previous representations is such as to impair the efficiency of a Board member must await the arrival of an actual controversy regarding such issue. (James R. Barnett)